UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE MATHEWS,

      Plaintiff,

v.                                    Case No. 3:99-1117-Civ-J-32MMH

JAMES V. CROSBY, JR., TIM GIEBEIG,
SGT. HALL, OFFICER DOBSON, SGT.
SCOTT, SGT. CROCKETT, OFFICER
YOUNG, OFFICER RINER, SGT.
DAVIDSON, SGT. CHARLES BROWN,
SGT. SAUL, OFFICER DENT, OFFICER
BECK, CPT. TIMOTHY THORNTON, JOHN
DOES 1 through 9, JAMES D. POSTON,
and NURSE DOE, each in his
Individual Capacity,

      Defendants.
_____/

MARIO VALDES, individually, and
as personal representative of the
estate of Joy Frances "Frank" Valdes,

      Plaintiff,

v.                                    Case No. 3:01-CV-799-J-32MMH

JAMES V. CROSBY, JR., etc.,
et al.,

      Defendants.
_____/



## AGREED CONFIDENTIALITY ORDER
## ON PERSONAL AND SECURITY INFORMATION

Pursuant to subpoena issued by the Plaintiff Mathews, Non-Party Florida Department of Corrections ("FDOC") has agreed to furnish any and all correspondence or communication data contained on the hard drive of all computers used by Defendant Crosby while at Florida State Prison



and any and all correspondence and communication data contained on the hard drive of the computer of Rhonda Horler for the period of 1997 through the end of 2000. FDOC has agreed to copy these entire computer files onto CD-ROM on Plaintiff Mathews *assert that certain information* contained within these computer files should be treated as confidential pursuant to state law. Specifically, the Department asserts that it is barred from releasing personal information of its employees or former employees, such as home addresses, home telephone or cell-phone numbers, Social Security numbers, and personal pager numbers. Additionally, the Department asserts that information related to Security procedures and practices of the Department should be treated as confidential. Upon consideration of the assertions of counsel for FDOC, and the stipulation of Plaintiff Mathews''s counsel to the confidentiality of the described information, the Court has determined that such personal information and security related information should be released in accordance with a confidentiality order that will protect the privacy interests of persons not parties to this action as well as the security interests of the FDOC. Accordingly, the Court enters the following confidentiality order:

1. This Order governs the handling, maintenance, storage, use, and discussion of records or documents that are restricted under Florida Department of Corrections Procedure 601 and related security topics and/or documents referenced below and personal information related to current or former FDOC employees as defined in Section 119.07(3)(i), Florida Statutes (2002) that are produced by or obtained from non-party Florida Department of Corrections during the proceedings in this case. This Order is intended to maintain the confidentiality of the following types of documents or information whether produced previously or in the future, that are within the exemption provisions of Section 119.07, Florida Statutes (2002) and the provisions of FDOC security procedures and rules.

(a)  This order includes information related to the following restricted FDOC security procedures:

Security Threat Management Program

Canine Program for Escape & Recapture Procedure

Use of Electronic Restraining Devices, Chemical Munitions, and Firearms in Correctional Facilities

Forced Cell Extraction

Emergency Preparedness

Escape/Recapture Procedures

Emergency Action Center

Armed Supervision Squads

Natural/Man-Made Disaster Preparedness

Special Operations Unit

Personal Body Alarms

Inmate Transportation and Movement

Arsenal and Ready Room Equipment

Security Inspections

Electronic Restraint Belt

Perimeter Security

Tool and Sensitive Item Control

Escape Simulation Drills

Key Control and Locking Systems

Also considered confidential would be minutes of Lockdown meetings, FSP Leadership Team meeting minutes; Warden meetings to the extent they include security related issues; camera enhancement projects information; control room information; identification card information; tower condition information; and Post Orders.

2. The following definitions shall apply to this Confidentiality Order:

(a) "Parties shall mean and refer to the plaintiffs and each defendant in the above captioned cases.

(b) "Qualified person(s)" shall mean and refer to:

(1) Private and state government counsel who have appeared for a party or the non-party Florida Department of Corrections in this case and regular and temporary employees of such counsel assisting in the conduct of this case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Order;

(2) Experts or consultants assisting counsel in this litigation;

(3) Employees or any party who are required to assist counsel in the conduct of this action;

(4) Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

(5) The Court and Court personnel, pursuant to Paragraph 9 of this Order, and,

(6) Other persons only upon order of the Court, or upon written approval of the party or the non-party Florida Department of Corrections that produced or disclosed the confidential discovery material and provided that such person

agrees to be bound by the terms of this Order. Any person who signs such an agreement shall be subject to the terms of this Order.

3. Confidential information as set out in this Order, including applicable portions of depositions, shall be filed with this Court under seal. However, no material may be filed under seal except upon motion and order of the Court for good cause shown.

4. Confidential discovery materials covered by this Order shall be used only for the prosecution and/or defense of this litigation. Under no circumstances, other than those specifically provided in this or subsequent court orders, shall such material be disclosed to persons other than qualified persons as clarified in 2(b) above.

5. Confidential discovery materials covered by this Order may be shown as provided to consultants and experts retained for the preparation of this litigation only after an attorney for the party employing such consultant or expert has obtained from the consultant or expert an executed Acknowledgment and Agreement (Exhibit A) to be subject to the terms of this Order. Counsel shall maintain a log of all such consultants and experts or others who have seen or been provided confidential materials.

6. Each person given access to confidential discovery materials covered by this Order or information derived therefrom shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to its terms.

7. Confidential discovery materials covered by this Order may be disclosed to employees of plaintiffs' and defendants' counsel only for the purposes of this litigation and shall not be shared by them with any other person. Before such disclosure is made to such employee, counsel shall

comply with the requirements of paragraph 6.

8. In the event that counsel for any party determines to file in or submit to the Court any confidential discovery materials covered by this Order or information derived therefrom, or any papers containing or making reference to such material or information, after obtaining an Order of the Court pursuant to paragraph 3 herein, such documents shall be placed in sealed envelopes or sealed containers on which shall be endorsed:

(a) the caption, as specified in Paragraph 2(a) of this Order;

(b) the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

(c) a statement substantially in the following form:

[DISCLOSING PARTY'S or NON-PARTY'S NAME]
CONFIDENTIAL

This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party or parties or the disclosing non-party Florida Department of Corrections to this action.

The subject envelope or container shall not be opened without further order of the Court.

9. When confidential documents or information covered by this Order are presented, quoted or referenced in any deposition, hearing or other pretrial proceeding, the attorneys for the parties shall make arrangements, or when appropriate, request the court to make arrangements to ensure that only qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is, for the present limited to pretrial proceedings. Comparable measures will be requested for trial, if need be.

10. If any party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party or non-party Florida Department of Corrections in writing. To preserve its "Confidential" designation, the producing party or non-party Florida Department of Corrections, within ten (10) calendar days after receipt of any such notice, must apply to the court for a ruling that the discovery material objected to shall be treated as designated, and notice of such application shall be provided to all other parties. If no such application is made, the discovery material will cease to be treated as designated *confidential*. If an application is made, until the Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as designated and protected as provided in this Order.

11. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of the Order shall not:

(a) Operate as an admission by any party or non-party Florida Department of Corrections that any particular discovery material contains or reflects any confidential matter; or

(b) Prejudice in any way the rights of any party or non-party Florida Department of Corrections to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

(c) Prejudice in any way the rights of a party or non-party Florida Department of Corrections to seek a court determination whether particular discovery material should be produced; or

(d) Prejudice in any way the rights of a party or non-party Florida Department of Corrections to apply to the court for a further protective order relating to any

confidential information.

13. Counsel for each of the parties and counsel for the Department of Corrections shall execute an Acknowledgment and Agreement (Exhibit A) agreeing to the terms of this Order and file it with the Court within five (5) business days after entry of this Order.

14. In the event additional persons become parties to this litigation, they shall not have access to confidential information that is the subject of this Order that was produced by or obtained from the non-party Florida Department of Corrections or any other party to this action until the newly joined party has been made subject to this Confidentiality Order by execution of the agreement appearing in Exhibit A. Any such executed agreement shall be filed with the Court within five (5) business days after execution.

15. Within ninety (90) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Order that were supplied by the parties or non-party Florida Department of Corrections and all copies thereof shall be returned to the producing party or non-party.

16. Counsel for the plaintiffs shall not share or disclose confidential records and documents governed by this Order with the plaintiffs, Willie Mathews or Mario Valdes, absent specific permission from the Court upon good cause shown to support such disclosure.

17. The court may enter such other and further relief as it deems appropriate, and this Order is without prejudice to the right of any party to apply for such relief.

18. The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this case.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of October, 2003.

TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE

cc: Counsel of record
Counsel for DOC

-9-

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**MARIO VALDES, individually, and
as personal representative of the
estate of Joy Frances "Frank" Valdes,**

    Plaintiff,

v.                            Case No. 3:01-CV-799-J-32MMH

**JAMES V. CROSBY, JR., etc.,
et al.,**

    Defendants.
_____/

**Exhibit A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order on Personal and Security Information entered in this cause, understands the terms thereof, and agrees to be bound by such terms.

Date: _____, 2003

                                            _____
                                            Printed name


                                            _____
                                            Signature

F I L E   C O P Y

Date Printed: 10/02/2003

Notice sent to:

    *KAB* (signature)
    Kevin Anthony Blazs, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:01-cv-00799    lrb

    ___
    Ronald S. Wasilenko, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:01-cv-00799    lrb

    ___
    Robert H. Ellis, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:01-cv-00799    lrb

    ___
    Robert E. Blanchfield, Esq.
    Gobelman, Love, Gavin, Blazs & Wasilenko
    815 S. Main St., Suite 300
    Jacksonville, FL  32207

    3:01-cv-00799    lrb

    ___
    Guy Bennett Rubin, Esq.
    Rubin & Rubin
    P.O. Box 395
    Stuart, FL  34995

    3:01-cv-00799    lrb

    ___
    Ellis Stuart Rubin, Esq.
    Rubin & Rubin
    P.O. Box 395
    Stuart, FL  34995

    3:01-cv-00799    lrb

    ___
    Stuart M. Address, Esq.
    Rubin & Rubin
    P.O. Box 395
    Stuart, FL  34995

    3:01-cv-00799    lrb

    ___
    Stuart Edward Goldenberg, Esq.

Lichtblau & Goldenberg
631 US Highway 1, Suite 306
North Palm Beach, FL 33408-4618

3:01-cv-00799    lrb

___ Leslei G. Street, Esq.
Pennington, Moore, Wilkinson,
Bell & Dunbar, P.A.
215 S. Monroe St., 2nd Floor
P.O. Box 10095
Tallahassee, FL 32302-2095

3:01-cv-00799    lrb

___ Kelly Overstreet Johnson, Esq.
Broad & Cassel
215 S. Monroe St., Suite 400
P.O. Box 11300
Tallahassee, FL 32302

3:01-cv-00799    lrb

___ Laureen E. Galeoto, Esq.
Broad & Cassel
215 S. Monroe St., Suite 400
P.O. Box 11300
Tallahassee, FL 32302

3:01-cv-00799    lrb

___ D. Andrew Vloedman, Esq.
Perry & Vloedman
2790 N.W. 43rd St., Suite 200
Gainesville, FL 32606-7250

3:01-cv-00799    lrb

___ John F. Dickinson, Esq.
Constangy, Brooks & Smith, LLC
P.O. Box 41099
Jacksonville, FL 32203

3:01-cv-00799    lrb

___ Sarah B. Mabery, Esq.
Constangy, Brooks & Smith, LLC
P.O. Box 41099
Jacksonville, FL 32203

3:01-cv-00799    lrb

___ Susan A. Maher, Esq.
General Counsel's Office
Department of Corrections
2601 Blair Stone Rd.
Tallahassee, FL 32399-2500

3:01-cv-00799    lrb

John J. Upchurch
Upchurch, Watson & White
125 S. Palmetto Ave.
P.O. Box 2166
Daytona Beach, FL 32215-2166

3:01-cv-00799    lrb