

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIO VALDES, INDIVIDUALLY, AND    CASE NO.: 3:01-CV-799-J-32HTS
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF JOY FRANCIS "FRANK"
VALDES,

           Plaintiff,
vs.

JAMES V. CROSBY, JR., et. al.,

           Defendants.
_____/

## DEFENDANT CROSBY'S MOTION FOR SUMMARY JUDGMENT

Comes now, Defendant, JAMES V. CROSBY, JR.. ("Crosby") by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, and hereby moves this Court for entry of an order granting summary judgment in his favor and against Plaintiff Mario Valdes, individually and as Personal Representative of the Estate of Joy Francis "Frank" Valdes ("Plaintiff") on all counts brought against Crosby in Plaintiff's Second Amended Complaint and Jury Demand as follows:

### BACKGROUND AND ARGUMENT

1.      Plaintiff's Second Amended Complaint and Jury Demand, dated May 27, 2003, purports to state a cause of action against Crosby under 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. §§ 1983 and 1988 on the basis that Crosby deprived Plaintiff of his constitutional rights under color of state law. Crosby is also charged with the wrongful death of Frank Valdes pursuant to Fla. Stat. § 768.20.

280

2. Crosby is entitled to summary judgment on all counts of Plaintiff's Second Amended Complaint because there is no genuine issue as to any material fact raised by Plaintiff to establish that Crosby caused any part of the alleged deprivation of Plaintiff's constitutional rights.

3. Plaintiff's charges against Crosby must also fail because Crosby is entitled to qualified immunity.

## FACTS AND ALLEGATIONS

4. The allegations contained in Plaintiff's Second Amended Complaint are summarized in the following paragraphs.

5. The Second Amended Complaint and Jury Demand alleges a § 1983 civil rights claim and wrongful death claim against multiple correctional officers, medical personnel and Department of Corrections supervisory personnel which includes Defendant Crosby. The cause of action is brought by Mario Valdes, the father of former Florida State Prison ("FSP") inmate Frank Valdes, who was allegedly killed on July 17, 1999 by Defendant correctional officers. (See Second Amended Complaint and Jury Demand.)

6. It is alleged that in an attempt to cover up the facts concerning Valdes' death, Crosby permitted inmate witnesses to be exposed to violence, threats and coercion by corrections officers. (Id. at ¶ 46.)

7. It is alleged that all of the acts of violence that occurred within FSP prior to the death of inmate Valdes were known or should have been known to Crosby. (Id. at ¶ 48.)

8. It is alleged that by failing to prevent the sadistic behavior by corrections officers,

Crosby created a tacit rule that such activity was acceptable at FSP. (Id. at ¶ 48.)

9. It is alleged that despite knowledge of inmate abuse by corrections officers, Crosby ceased using video cameras to videotape cell extractions thereby sending a message to the corrections officers that the administration at FSP was going to permit further abuse on inmates. (Id. at ¶ 51.)

10. Count I of the Second Amended Complaint charges Crosby with a violation of 42 U.S.C. § 1983. (Id. at ¶¶ 62-68.) Count III of the Second Amended Complaint charges all Defendants with Wrongful Death. (Id. at ¶¶ 74-81.)

11. In order to obtain all of the facts, documents and alleged witnesses that allegedly support Plaintiff's allegations, Crosby served interrogatories calling for this information on January 24, 2003. (See First Interrogatories By Defendants Crosby, Giebeig and A.D. Thornton.)

12. Plaintiff's initial answers to Crosby's interrogatories did not provide sufficient facts to support the allegations of the Complaint and referred Defendant Crosby to more than 20,000 pages of unidentified documents. (See Plaintiff's Answers to First Interrogatories by Defendants Crosby, Giebeig and A.D. Thornton.)

13. Subsequently, on March 1, 2004, Plaintiff served his supplemental responses following a request by Defendant Crosby for more sufficient responses. (See Plaintiff's Supplemental Answers to First Interrogatories by Crosby, Giebeig and A.D. Thornton.)

14. Because Plaintiff's supplemental responses were insufficient to support a cause of action, Defendant Crosby filed a Motion to Compel more sufficient answers.

15. Plaintiff was subsequently ordered to provide more sufficient answers. (See

Plaintiff's Second Supplemental Answers to First Interrogatories by Defendant, Crosby, Giebeig and A.D. Thornton.)

16. Plaintiff Mario Valdes has no personal knowledge regarding the allegations in the Complaint. (See June 3, 2004 Dep. Tr. of Mario Benedict Valdes at p. 87 l. 1-p. 93 l. 14; p. 105 l. 15-19.)

17. Accordingly, Mr. Valdes' answers to interrogatories are based upon his attorneys' belief of what the evidence will show.

18. The alleged facts contained in Plaintiff's interrogatory responses are insufficient to establish a cause of action or are mere conclusory statements that reiterate the allegations of Plaintiff's Second Amended Complaint.

19. Numerous depositions have also been taken in this action which do not establish any genuine issue of material fact.

20. In conclusion, the pleadings, depositions and answers to interrogatories show there is no genuine issue as to any material fact and Crosby is entitled to a judgment as a matter of law.

### ATTORNEY'S FEES AND COSTS

21. Defendant Crosby reserves the right to seek attorney's fees and costs pursuant to 42 U.S.C. § 1988 and all applicable rules and statutes subsequent to the entry of an Order and Judgment in favor of Crosby and against Plaintiff.

WHEREFORE, Defendant, James V. Crosby, Jr., respectfully moves this Court to enter an Order granting summary judgement in his favor on all counts of Plaintiff's Second Amended

4

Complaint and granting Crosby leave to seek attorney's fees and costs subsequent to the entry of the Order granting summary judgment.

> Respectfully submitted,
>
> **GOBELMAN, LOVE, GAVIN, BLAZS & WASILENKO**
>
> _____
> Kevin A. Blazs, Esquire
> Florida Bar No: 0606383
> Ronald S. Wasilenko, Esquire
> Florida Bar No: 0137510
> Robert H. Ellis, Esquire
> Florida Bar No. 0152552
> Michael D. Kendall, Esquire
> Florida Bar No. 0379440
> 815 South Main Street, Suite 300
> Jacksonville, FL 32207
> (904) 393-9007
> Attorneys for Defendants Crosby and Giebeig

### CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished to **Guy Bennett Rubin, Esquire, Ellis S. Rubin, Esquire, and Stuart M. Address, Esquire,** Rubin & Rubin, , P.O. Box 395, Stuart, Florida 34995; Attorneys for Plaintiff; **D. Andrew Vloedman, Esquire,** 2790 N.W. 43rd Street, Suite 200, Gainesville, FL, 32606, Attorneys for Lewis; **John F. Dickinson, Esquire and J. Ray Poole, Esquire,** Constagny, Brooks & Smith, P.O. Box 41099, Jacksonville, FL 32203-1099, Attorneys for Defendants, Burger, McEarchern and Hudnall and **Martin Fitzpatrick, Esquire,** P.O. Drawer 11300, Tallahassee, FL 32302, Attorneys for Sauls, Brown, Beck, Stanford, Timothy Thornton and Griffis by U.S. Mail, this **25th** day of June, 2004.

_____
Attorney

P:\client\3469\PLEADINGS\MSJ Crosby.wpd

5