FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2004 JUN 25  P 2: 47

MARIO VALDES, INDIVIDUALLY, AND  CASE NO.: 3:01-CV-799-J-32HTS
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF JOY FRANCIS "FRANK"
VALDES,

        Plaintiff,

vs.

JAMES V. CROSBY, JR., et. al.,

        Defendants.
_____/

### DEFENDANTS CROSBY'S AND GIEBEIG'S *DAUBERT* MOTION TO EXCLUDE PLAINTIFF'S CORRECTIONS/PRISON EXPERT, CHASE RIVELAND[1]

Defendants, James V. Crosby, Jr. (hereinafter "Crosby") and Tim Giebeig (hereinafter "Giebeig"), pursuant to the Federal Rules of Civil Procedure and Fed. R. Evid. 104, 403 and 702 and respectfully move to preclude Plaintiff's Corrections/Prison Expert, Chase Riveland, from testifying at trial and state:

1. Plaintiff has identified Chase Riveland as an expert witness pursuant to Rule 26(a)(2) of the of the Federal Rules of Civil Procedure.

---

[1] This Motion is not filed on behalf of the late Mr. A.D. Thornton who was previously represented by the undersigned, because in Florida the death of a client terminates the attorney client relationship. See Brickell v. McCaskill, 90 Fla. 441 (Fla. 1925). In the event an estate is substituted as a party for Mr. A.D. Thornton and the undersigned is retained as counsel to represent the estate in this matter, the undersigned will seek leave to file a *Daubert* Motion and a Motion for Summary Judgment on behalf of the estate. Also, without waiving any objections raised in these Defendants' Motion to Strike Mr. Riveland's supplemental opinions for untimely service by Plaintiff these Defendants address all opinions rendered by Chase Riveland to date.

292

2. Mr. Riveland holds himself out as an expert in the field of corrections regarding prisons and the custody of prisoners.

3. It is anticipated Plaintiff will attempt to introduce Mr. Riveland's testimony at trial to prove the allegations raised in Plaintiff's compliant against Crosby and Giebeig.

4. Mr. Riveland prepared a written opinion and three supplemental reports to his initial opinion in this action.

5. Mr. Riveland's reports dated December 4, 2002, March 10, 2004, May 24, 2004 and June 14, 2004 are attached as exhibits to his deposition transcripts taken on May 25 and June 16, 2004.

6. Mr. Riveland's opinions regarding Crosby are summarized as follows: that Crosby was negligent or derelict in his duties for not assuring protection of inmate Valdes and other X Wing inmates, (See May 25, 2004 Dep. Tr. of Chase Riveland at Exhibit 7 Page 39 ¶ 25); that Crosby had knowledge that "several X-wing staff had been accused on multiple occasions of abusing inmates [which] should have led him to direct preventive measures be taken to assure the inmates' safety" (Id.); that Crosby "was deliberately indifferent to all of the information and indicators that would lead a *concerned warden* to investigate." (Id. at pg. 11 ¶ 43) (*emphasis added*); that Crosby "consciously and deliberately disregarded the information available to him." (Id. at pg. 11 ¶ 44); and that Crosby "was aware of the widespread abuse of force manifest at FSP and that he failed to take the steps necessary to protect Mr. Valdes and other inmates." (Id. at pg. 11 ¶ 43).

7. Mr. Riveland's opinions regarding Giebeig are summarized as follows: that Giebeig "deliberately and consciously failed to perform his required duties" regarding information and

knowledge he had regarding the involvement of Sergeant Brown and Captain Thornton in the beating of Willie Mathews (Id. at pg. 13 ¶48); that if he had properly performed his duties the fatal beating of Valdes would "probably" have not occurred (Id.); and that Giebeig "failed to investigate the incident in a timely manner." (Id. at pg. 12-13 ¶ 46).

8. This Court has previously held: "The party tendering the expert has the burden of proving admissibility of the testimony by a preponderance of the evidence." Norfolk S. Corp v. Chevron U.S.A., Inc., 279 F. Supp 2d 1250 (M.D. Fla. 2003), *reversed on other grounds* Norfolk S. Corp v. Chevron U.S.A., Inc., No. 03-14473, 2004 U.S. App. LEXIS 10945 (11th Cir. June 3, 2004); See Allison v. McGhan Med. Corp., 184 F. 3d 1300, 1311 (11th Cir. 1999).

9. Mr. Riveland's "expert opinions" relate to Defendants' mental state and are inadmissible.

10. Mr. Riveland's deposition testimony demonstrates that all of his opinions are not supported by a sufficient factual basis to establish the reliability of his opinions.

11. Accordingly, all of his opinions lack a sufficient factual basis to be admissible as expert testimony under Rules 104, 403 and 702 of the Federal Rules of Evidence and the authority set forth in the following memorandum of law.

12. Defendant's Crosby and Giebeig also adopt and incorporate herein the arguments contained in their Memorandums of Law in Support of Motion for Summary Judgment.

**WHEREFORE**, Defendants Crosby and Giebeig respectfully move this Court for entry of an Order excluding all testimony of Plaintiff's expert Chase Riveland on the grounds that Mr.

Riveland has no factual basis for his opinions and the subject of his opinions is not that which requires expert testimony.

Respectfully submitted,

**GOBELMAN, LOVE, GAVIN, BLAZS & WASILENKO**

_____
Kevin A. Blazs, Esquire
Florida Bar No: 0606383
Ronald S. Wasilenko, Esquire
Florida Bar No: 0137510
Robert H. Ellis, Esquire
Florida Bar No. 0152552
Michael D. Kendall, Esquire
Florida Bar No. 0379440
815 South Main Street, Suite 300
Jacksonville, FL 32207
(904) 393-9007; (904) 393-9050 facsimile
Attorneys for Defendants Crosby and Giebeig

### CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished to **Guy Bennett Rubin, Esquire and Stuart M. Address, Esquire**, Rubin & Rubin, , P.O. Box 395, Stuart, Florida 34995; **D. Andrew Vloedman, Esquire**, 2790 N.W. 43rd Street, Suite 200, Gainesville, FL, 32606; **John F. Dickinson, Esquire and J. Ray Poole, Esquire**, Constangy, Brooks & Smith, P.O. Box 41099, Jacksonville, FL 32203-1099, and **Martin Fitzpatrick, Esquire**, P.O. Drawer 11300, Tallahassee, FL 32302, by U.S. Mail, this 25th day of June, 2004.

_____
Robert H. Ellis