FILED

RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2004 AUG -9 1 P 3: 30

MARIO VALDES, INDIVIDUALLY, AND          CASE NO.: 3:01-CV-799-J-32HTS
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF JOY FRANCIS "FRANK"
VALDES,

        Plaintiff,

vs.

JAMES V. CROSBY, JR., et. al.,

        Defendants.

_____/

## DEFENDANT CROSBY'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW[1]

COMES NOW Defendant, James V. Crosby, Jr. by counsel and pursuant to Rule 11 of

the Federal Rules of Civil Procedure, and hereby files his Motion for Sanctions as follows:

### BACKGROUND INFORMATION

1.      Plaintiff initiated the instant action against Defendant James V. Crosby, Jr.

("Crosby") on July 16, 2001.

2.      Plaintiff Second Amended Complaint sets forth the allegations Plaintiff intends

_____

[1] Crosby acknowledges this Court's statements to the undersigned counsel during the July 8, 2004 hearing that the foregoing Motion for Sanctions should not be filed until the pending Motions for Summary Judgment are disposed of. Respectfully, Crosby has served this motion based upon Rule 11 which provides any motion for sanctions must be served on the offending party for twenty-one (21) days providing that party the opportunity to withdraw the challenged pleadings. If Crosby waits until the pending Motions for Summary Judgment are disposed of, there may be no opportunity for Plaintiff to withdraw the claims against Crosby. Crosby also served the instant Motion on Plaintiff to provide Plaintiff with the necessary "safe harbor" period contemplated by Rule 11.

to pursue at trial.  It alleges three causes of action.

3.      Count I, sets forth an action pursuant to 42 U.S.C. ¶ 1983 against multiple defendants, including Crosby.  Count II sets forth an action pursuant to 42 U.S.C. ¶ 1983 against prison medical personnel.  Count III sets forth an action for wrongful death action against all defendants, including Crosby.

4.      The claims against Crosby in the instant case are premised upon his actions as a supervisory official within Florida State Prison.

5.      Rule 11 of the Federal Rules of Civil Procedure requires counsel to conduct an initial investigation of the facts of any matter prior to filing an action.

6.      Rule 11 required Plaintiff's counsel to engage in an investigation to identify persons who may have knowledge regarding the specific allegations in the Second Amended Complaint or persons who may have provided statements concerning specific allegations in the Second Amended Complaint.

7.      In order to obtain the specific facts upon which this action is based, Crosby served interrogatories on Plaintiff on January 24, 2003.  Plaintiff provided answers which were insufficient to establish a cause of action.  Subsequently, Crosby sought supplemental answers from Plaintiff.  Plaintiff provided supplemental answers which were also insufficient which led to the filing of a Motion to Compel on April 1, 2004.   Plaintiff was subsequently Ordered to provide supplemental interrogatory answers.  These answers were provided to Crosby on May 28, 2004.

8.      As stated in Crosby's Motion for Summary Judgment, Plaintiff has failed to

2

proffer sufficient facts to support a cause of action against Crosby.

9.      The charges against Crosby are entirely founded on his position as Warden of Florida State Prison during the month of July 1999.   Plaintiff has failed to identify any substantive facts to support the allegations that Crosby is liable under any of the counts against him for the death of Frank Valdes.

10.      The alleged facts relied upon by Plaintiff, that are more specifically described in Crosby's Motion for Summary Judgment, are both conclusory and speculative.  Plaintiff has not proffered any specific facts to establish the purported causes of action against Crosby.  The lack of any evidence is aggravated by the "extremely rigorous" standard which must be met upon bringing a charge against a supervisory official under § 1983. See Cottone v. Jenne, 326 F. 3d 1352, 1360 (11th Cir. 1999).

11.      Moreover, as the Court is aware, this is not the first § 1983 action filed by Plaintiff's counsel against Crosby as Warden of Florida State Prison.

12.      In the case of *Mathews v. Crosby, et. al.* Case No. 3:99-CV-1117-J-32 MMH (hereinafter referred to as "*Mathews*"), Plaintiff's counsel brought an action founded upon Crosby's alleged deliberate indifference, at Florida State Prison, to the needs of inmate Willie Mathews and other inmates prior to July 1999. Like the present action, the *Mathews* action was founded, in part, upon Crosby's alleged failure to investigate prior inmate abuse, his decision not to videotape uses of force and his decision to promote correctional officers who were allegedly suspected of abuse.

13.      Crosby respectfully acknowledges this Court's ruling in *Mathews* which provides

3

the *Mathews* ruling should not be used as precedent in this action. However, Crosby submits that the alleged facts which Plaintiff has asserted against Crosby in this action are essentially the same facts that were submitted against Crosby in *Mathews*.

14.     Since the ruling in *Mathews*, Plaintiff's counsel has conducted additional discovery, including approximately twenty-one (21) depositions. The substantive facts from this discovery is addressed in Crosby's Motion for Summary Judgment.

15.     The additional discovery has not uncovered any facts which may be used to support a cause of action against Crosby.

16.     On April 16, 2004, Crosby participated in a mediation and made a good faith effort to redress Plaintiff's alleged damages. These efforts were not successful.

17.     Dispositive motions and *Daubert* motions were filed on or before June 25, 2004 and are still pending.

18.     Plaintiff's responses to all dispositive and *Daubert* motions have not been filed as of the service date of this motion. However, Plaintiff requested an extension of time in which to file responses suggesting that Plaintiff will oppose Defendant Crosby's Motion for Summary Judgment.

19.     Defendant Crosby was deposed on May 10, 2004. Defendant Crosby testified that he was not at Florida State Prison at the time of Valdes' death.

20.     Crosby's Motion for Summary Judgment sets forth there is no factual basis for Plaintiff's claims against Crosby which can be supported by applicable law.

21.     This Court's Order of July 8, 2004 granted Plaintiff the right to take the

4

depositions of inmates Mark Defriest and Robert Krebs and Verrol Martin outside of discovery. This Order also granted Crosby and Defendant Giebeig the right to take the deposition of Andrew McRae outside of discovery.

22.    Based upon the discovery obtained to date, Crosby does not anticipate these depositions will provide a factual basis to support Plaintiff's claims against Crosby in this action.

23.    As this Court noted at the July 8, 2004 hearing, counsel for all of the parties have worked hard in this action. The extent of Plaintiff's labor in pursing his claims against Crosby are not in question. However, Plaintiff's unwavering determination in pursuing this action against Crosby is frivolous in view of his exhaustive discovery efforts which have not lead to substantive evidence against Crosby.

24.    For the foregoing reasons, Crosby respectfully moves this Court to grant this Motion for Sanctions and Order the imposition of sanctions as provided for under Rule 11(c) of the Federal Rules of Civil Procedure.

25.    The undersigned counsel hereby certifies, in compliance with Local Rule 3.01 and the "safe harbor" provision of Rule 11, that Plaintiff's counsel was served with a copy of the foregoing motion prior to filing same with the Court in a good faith effort to resolve the issues addressed herein. Despite these efforts the foregoing motion has become necessary.

**WHEREFORE,** for the foregoing reasons, Crosby respectfully moves this Court to enter an Order granting his Motion for Sanctions awarding attorney's fees and costs.

## MEMORANDUM OF LAW

Rule 11(b) of the Federal Rules of Civil Procedure provides in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

There are three types of conduct that "warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable arguments to change existing law; and (3) when the party filed a pleading in bad faith for an improper purpose." Pelletier v. Zweifel, 921 F. 2d 1465, 1514 (11th Cir. 1991). "The standard for testing conduct under Rule 11 is 'reasonableness under the circumstances,' an objective standard of good faith." Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida, 827 F. 2d 1454 (11th Cir. 1987).

> "In assessing Rule 11 sanctions, a court first determines whether the party's claims are objectively frivolous – in view of the facts

6

> or law – and then, if they are, whether the person who signed the
> pleadings should have been aware that they were frivolous, i.e.,
> whether he would have been aware had he made a reasonable
> inquiry."

Pelletier, 921 F. 2d at 1514. "Courts determine whether a reasonable attorney in like

circumstances could believe his actions were factually and legally justified." Kaplan v.

DaimlerChrysler, A.G., 331 F. 3d 1251 (11th Cir. 2003).

Rule 11 embraces a continuing duty of candor. Ridder v. City of Springfield, 109 F. 3d

288, 294 (6th Cir. 1997). "A 1993 amendment to Rule 11 emphasizes an attorney's continuing

obligation to make inquiries, and thus **the rule allows sanctions when an attorney continues**

**'insisting upon a position after it is no longer tenable.'**" Battles v. City of Ft. Myers, 127 F.

3d 1298, 1300 (11th Cir. 1997)(emphasis added.)

**I.      Plaintiff has no factual basis for the claims asserted against Crosby.**

The Second Amended Complaint and Jury Demand alleges that James V. Crosby, Jr. was

employed by the Florida Department of Corrections as warden at Florida State Prison during the

time the causes of action allegedly occurred. Counts I and III allege civil rights violations under

42 U.S.C. §1983. With respect to Crosby, it is alleged that he failed to properly supervise

correctional officers, that he failed to provide operating videotape cameras in Plaintiff's cell area,

failed to properly investigate beating allegations, and that he failed to improve confinement

conditions.

Plaintiff's Second Amended Complaint specifically alleges:

26.      For months or years, inmates at Florida State Prison (FSP)

7

have been subjected to gratuitous and sadistic beatings for no justifiable reason, by FSP correctional officers.

27. From 1996 through 1999, these beatings have occurred with such frequency and regularity that the conduct has become routine.

28. Some of the inmates who suffered these beating have filed grievances wherein they have attempted to use an administrative remedy to notify prison officials of these violations of their constitutional rights and bring the abuses to an end. Despite the filing of hundreds of grievances alleging unjustified physical abuse by corrections officers, prison officials have chosen to ignore their duties to investigate the grievances and to take action designed to protect inmates from the cruel and sadistic acts of the corrections officers under their direction supervision and control.

Following the above allegations, Plaintiff provides a "chronology" of events that he alleges creates a "clear pattern of sadistic behavior." However, Plaintiff's chronology references only three (3) different inmates and spans a period of more than three years. (See Second Amended Complaint and Jury Demand at ¶ 29.) Plaintiff's "chronology" only refers to three (3) inmates and three separate instances of alleged abuse. Such a "chronology" does not establish a "clear pattern of sadistic behavior." Subsequent to the filing of the Second Amended Complaint Plaintiff did not proffer sufficient evidence to support his allegation that the "beatings have occurred with such frequency and regularity that the conduct has become routine." Without any factual basis for these allegations, Plaintiff should have dismissed these portions of the Second Amended Complaint. Moreover, Plaintiff has not proffered any evidence to establish that Crosby ignored or failed to address issues relating to inmate abuse.

Further, in Count I of the Second Amended Complaint, Plaintiff alleges "there has been a track record over the last 5 years in which inmates in custody of these defendants have been denied medical treatment of [sic] forced to endure cruel and unusual punishment at the hands of employees under these defendants control and supervision." (Id. at ¶ 64.) There is absolutely no factual basis for this allegation against Crosby.

Moreover, the Second Amended Complaint alleges that "[s]everal of the corrections officers in the preceding paragraph were either previously suspended or were on disciplinary probation for similar acts of violence against inmates similar to that complained of in this action. Notwithstanding the foregoing, Crosby, A.D. Thornton, Giebeig, White and Shockley promoted these officers and/or permitted these defendants to be placed in positions of authority and responsibility for which they were clearly unsuited." (Id. at ¶ 66.) Again, Plaintiff has no factual support for these allegations. Although Plaintiff may be able to demonstrate that certain officers had previously been suspended or disciplined, Plaintiff cannot provide any factual basis to support the allegation that Crosby promoted officers with knowledge that the promotions would lead to the abuse of inmates.

Assuming *arguendo* that Plaintiff could establish facts that Crosby placed officers in positions they were unsuited for which led to the abuse of inmates, these facts would establish **negligence** which is insufficient to establish a cause of action against Crosby under § 1983. See Ray v. Foltz, 370 F. 3d 1079 (11th Cir. 2004)(citing Estelle v. Gamble, 429 U.S. 97 (1976))(emphasis added.)

9

Contrary to Plaintiff's allegations regarding the promotion of officers, the deposition testimony of Patricia McCusker establishes that Crosby did not have complete control over the promotion of correctional officers.  Patricia McCusker testified during her deposition that the warden does not always yield the hiring and promotion power over his or her institution.  (See Dep. Tr. of Patricia McCusker, p. 21 . 6.)  With regard to promotions of sergeants on up, Mrs. McCusker testified officers are interviewed if they are qualified to be invited to interview.  (Id. at p. 21, l. 23.)  The officer then answers five questions and his or her answers are scored.  (Id. at p. 22, l. 3 )  Those scores are added to previous scores.  (Id.)  The final promotion decision is based on the highest score.  (Id.)  The warden does not make the final decision because it would be a violation of the Police Benevolent Association (PBA) contract. (Id. at p. 22, l. 18).  The deposition testimony of Patricia McCusker refutes Plaintiff's allegation that Crosby promoted the officers.

The Second Amended Complaint was served on these Defendants on May 27, 2003. Since that time, Plaintiff has engaged in extensive discovery which has not produced a factual basis to support the allegations against Crosby.  A reasonable Plaintiff and/or Plaintiff's attorney in the same position would have dismissed the claims against Crosby.  Plaintiff's continued pursuit of his claims which are not supported by evidence is frivolous.  Accordingly, Plaintiff should be sanctioned in accordance with Rule 11.

II.    **Plaintiff's legal theory of liability as to Crosby has no reasonable chance of success.**

The allegations against Crosby are based on his duties as a supervisor of Defendant correctional officers as there are no allegations that Crosby personally participated in the alleged constitutional injury.   It is well established in the Eleventh Circuit that supervisors are not responsible for the unconstitutional acts of their subordinates under 42 U.S.C. § 1983 under a theory of respondeat superior.  Hartley v. Parnell, 193 F. 3d 1263 (11th Cir. 1999).

> Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the reasonable supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Id. at 1269 (citing Brown v. Crawford, 906 F. 2d 667, 671 (11th Cir. 1990)).

Plaintiff has proffered alleged facts against Crosby which are conclusory and speculative and do not establish, in any way, that Crosby violated clearly established law.  As such, Plaintiff must be able to prove Crosby was deliberately indifferent to a widespread history of abuse sufficient to put Crosby on notice of the need to correct the alleged abuse. See  Hartley, supra.

Plaintiff cannot establish a widespread history of abuse, much less that Crosby was aware of such a history and failed to act appropriately to prevent future acts of abuse.  The alleged historical pattern of abuse Plaintiff relies upon is the same alleged "history" that was imputed against Crosby in the *Mathews* case.  Again, Crosby respectfully acknowledges that this Court's

11

ruling on his Motion for Summary Judgement in *Mathews* should not be used as precedent in this action. However, it cannot be ignored that Plaintiff has proffered little or no additional evidence in this action which should justify Plaintiff's continued pursuit of his claims against Crosby.

In the Order granting Crosby's Motion for Summary Judgment, this Court found the facts used to support Plaintiff's claims did "not create a genuine issue of material fact concerning Crosby's and Giebeig's liability under § 1983 for the alleged constitutional violations." (See Order on Defendants Crosby's and Giebeig's Motions for Summary Judgment, dated January 20, 2004) This Court recited the evidence Plaintiff was relying on in support of his claims as follows:

> the evidence as to defendant Crosby is that he was aware that the plaintiff was at Florida State Prison; that a former Warden, McAndrew, had told Crosby that certain guards (including defendant Timothy Thornton) were abusive to prisoners; that Crosby later promoted some of these guards; that Crosby permitted his secretary to handle certain paperwork associated with complaints by inmates concerning abuse without reading these documents himself; that Crosby decided to end the practice of videotaping cell extractions even though they were thought by McAndrew and others to keep the prison guards' behavior in line and make it less likely that guards would abuse prisoners; that [Mathews'] mother called Crosby to try to tell him that her son was being abused; and that Crosby and Giebeig discussed Mathews' situation sometime after the abuse was alleged to have occurred.

(Id. at pp. 9-10.)

Despite this ruling by the Court in *Mathews*, Plaintiff continues to claim that Crosby is liable for the conduct of the subordinate officers in this case. If Plaintiff were pursuing claims on new evidence it would be reasonable for Plaintiff to continue to pursue his claims in this

12

action.  However, as the record in the instant case demonstrates, the evidence Plaintiff is relying

on against Crosby is primarily the same evidence that was proffered in *Mathews* which was

found to be insufficient.  A reasonable Plaintiff and/or Plaintiff's attorney in the same position

would not  continue to pursue the instant case following the Court's ruling in *Mathews* and the

additional discovery that has been obtained subsequent to the Court's ruling in *Mathews*.

In Plaintiff's answers to Defendants First Interrogatories, Plaintiff often refers to the

discovery in the *Mathews* case.  For instance, Plaintiff stated that

> administrative staff, including Crosby, Giebeig, Shockley, White
> and A.D. Thornton were aware that FSP officers had a propensity
> for violence due to the numerous complaints and grievances filed
> by inmates, by information gathered by FSP Warden Ron
> McAndrew and directly discussed with all of these defendants
> before the Valdes murder.  Furthermore, Crosby and A.D.
> Thornton stated that some officers' names are constantly coming
> up when there are allegations of abuse against inmates and that
> they should be moved off of high profile wings where they would
> be less likely to be involved.  This information is contained in the
> documents produced to Plaintiff by Crosby in the *Mathews* case.

(See Plaintiff's Supplemental Answers to Defendants' First Interrogatories at 17(a) that were
filed with this Court on June 25, 2004)

Plaintiff's Second Amended Complaint alleges many of the same facts relied on in

*Mathews* to support the legal theory of supervisor liability.  The additional facts Plaintiff has

obtained through discovery in this action to support his legal theory of supervisor liability has

no reasonable chance of success.  Plaintiff's failure to dismiss and/or agree to settle the claims

against Crosby after conducting additional discovery, which has not provided evidence to support

his cause of action, should have caused Plaintiff to dismiss this action and/or make a reasonable attempt to reach settlement.

### Conclusion

There is no factual basis for Plaintiff's claims against Crosby.  Further, Plaintiff's legal theory of liability against Crosby has no reasonable chance of success.  Plaintiff's unwavering determination in pursuing this cause of action against Crosby despite a lack of sufficient evidence is frivolous.  For the foregoing reasons, Crosby respectfully moves this Court to enter an Order granting his Motion for Sanctions awarding attorney's fees and costs.

Respectfully submitted,

**GOBELMAN, LOVE, GAVIN,
BLAZS & WASILENKO**

Kevin A. Blazs, Esquire
Florida Bar No: 0606383
Ronald S. Wasilenko, Esquire
Florida Bar No: 0137510
Robert H. Ellis, Esquire
Florida Bar No. 0152552
Michael D. Kendall, Esquire
Florida Bar No. 0379440
815 South Main Street, Suite 300
Jacksonville, FL 32207
(904) 393-9007
Attorneys for Defendant Crosby

14

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished to **Guy Bennett Rubin, Esquire and Stuart M. Address, Esquire**, Rubin & Rubin, , P.O. Box 395, Stuart, Florida 34995 by facsimile and U.S. Mail; and to Attorneys for Plaintiff; **D. Andrew Vloedman, Esquire,** 2790 N.W. 43rd Street, Suite 200, Gainesville, FL, 32606, Attorneys for Lewis; **John F. Dickinson, Esquire and J. Ray Poole, Esquire**, Constangy, Brooks & Smith, P.O. Box 41099, Jacksonville, FL 32203-1099, Attorneys for Defendants, Burger, McEachern and Hudnall and **Martin Fitzpatrick, Esquire,** P.O. Drawer 11300, Tallahassee, FL 32302, Attorneys for Sauls, Brown, Beck, Stanford, Timothy Thornton and Griffis by U.S. Mail, this _16TH_ day of July, 2004.

_____
Attorney

P:\client\3469\PLEADINGS\Motion for Rule 11 Sanctions-Crosby.wpd

15